(Decided 24th March, 1891.)

---

CALVIN LONG *vs.* STATE OF MARYLAND.

*Gift enterprises—Prize packages of Coffee.*

Selling packages of ground coffee, on each end of which is pasted a blue slip of paper, and on the inside of each slip is printed the following: "1 plate," "1 plate," "1 saucer," the slips being pasted so as to be easily torn off, and for which when presented to the seller he gives to the purchaser two plates and a saucer, is a violation of section 185 of Article 27 of the Code of Public General Laws, which prohibits "any scheme or device by way of gift enterprises of any kind or character whatsoever."

APPEAL from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J.

*Benjamin Kurtz,* for the appellant.

*Wm. Pinkney Whyte, Attorney-General,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

The appellant was indicted in the Criminal Court of Baltimore City for violating section 185, Article 27, of

the Code of Public General Laws, which provides that "no person or body corporate shall be permitted, either directly or indirectly, by agent or otherwise, to barter, sell, or trade, or to offer for barter, sale, or trade, by any publication, or in any way, any wares, goods, or merchandise of any description, in package or bulk, holding out as an inducement for any such barter, sale, or trade, or the offer of the same, any scheme or device by way of gift enterprises of any kind or character whatsoever."

The indictment contained two counts. In the first the appellant was charged with unlawfully selling merchandise in a package, to wit, coffee, holding out as an inducement for such sale a certain scheme or device by way of a gift enterprise; and the second count charges him with *keeping* a certain place or house for selling lottery tickets.

To this indictment the appellant demurred, upon the ground that the Act of 1886, chapter 480, upon which the said indictment is based, is unconstitutional and void, and the Court having overruled this demurrer, the appellee abandoned the second count, which related to the sale of lottery tickets, and elected to stand upon the first count.

The case was tried before the Court without a jury, and the appellant was found "guilty on the first count."

But, as appears by the record, no final judgment has been entered, and the demurrer not being before us, the only question presented is as to the admissibility of the testimony excepted to, which is as follows:

"That the defendant Long kept a general grocery store at No. 1731 Pennsylvania avenue, known as the 'Northern Central Supply Store;' that on the 19th day of September, 1890, the witness Reilly purchased at said store from the witness Clarke, (the latter being a clerk in the employ of the defendant,) for the sum of twenty-five cents each, three one-pound packages of

Long *vs.* State.

ground coffee, called the 'Big Bonanza Coffee;' that on each of said packages so purchased was pasted a blue slip of paper about three-quarters of an inch wide and extending nearly around the package; that the outside of this slip was blank, but on the inside of each slip was printed respectively the following: '1 plate,' '1 plate,' '1 saucer;' and that said slips of paper were pasted at either end of said packages in such manner as to be easily torn off; that the witness Reilly tore said slips of paper from said packages and presented them to the witness Clarke, who thereupon presented him with three pieces of small crockery ware, consisting of two plates and one saucer, which were produced at the trial and offered in evidence; that these pieces of crockery were obtained by the witness Clarke from a collection or assortment of crockery ware on exhibition in said store, and in view of customers, and that there was also displayed in the show-window of said store a number of packages of said coffee, and pieces of said crockery ware, and a notice or card to this effect: ' A piece of this crockery ware given with each pound.' "

If the scheme which is thus shown by the evidence to have been adopted by the appellant, and which certainly is not characterized by any originality, is not a gift enterprise, it would be difficult to find words to describe it. Without discussing the decisions of Courts of other States referred to in the argument, we base our opinion upon our own statute, which in express terms prohibits "any scheme or device by way of gift enterprise of any kind whatsoever."

Finding no error, the ruling of the Court below will be affirmed.

*Ruling affirmed, and*
*cause remanded.*

(Decided 24th March, 1891.)