# CRIMINAL COURT OF BALTIMORE CITY.

Filed December 16, 1902.

## STATE OF MARYLAND
## VS.
## AARON B. FRANKEL.

*Edgar A. Poe* and *John Phelps* for State.

*William Pinkney Whyte, W. Benton Crisp* and *Alexander H. Robertson* for defendant.

RITCHIE, J.—

I have been requested by counsel to reduce to writing the oral opinion delivered in announcing my verdict in this case, and in compliance with such request and also that there may be no misapprehension as to the scope of the decision made, I now do so as follows:

I do not care to hear from the defendant in reply to what has been said on behalf of the State, because I accept and intend to follow the recent decision of the Circuit Court for Baltimore County in State vs. Black. See THE DAILY RECORD, September 22nd, 1902.

Black was charged in an information filed by the State's Attorney with violating the Trading Stamp Act of 1898, Ch. 207, (Supplement to Code Art. 27, Sections 253A, B and C), and was tried before Judges Fowler and Burke, sitting without a jury. The information was similar to the indictment in this case, and the evidence substantially the same. The court held, on the evidence submitted, that the case came clearly within the rule laid down in Long vs. State, 74 Md. 565, (the opinion in which was delivered by Judge Fowler), and not within the decision by the Court of Appeals on the Act of 1898 in State vs. Hawkins, THE DAILY RECORD, April 9th, 1902, and Black was acquitted.

While I concur in the decision of the Circuit Court, I wish to consider more fully than is done in the brief opinion of that court, the decision in the Hawkins case and its application to the evidence.

The evidence in this case shows that the articles in which the stamps are to be redeemed consist of a great variety of goods, held in large quantities, extensively advertised, and constantly on exhibition at the store of the Trading Stamp Company, located in a central part of the city, and that the collector of stamps may designate the article with which he wishes them to be redeemed before he begins his collection.

No question is raised in this case as to the validity of the Section of the Act on which this indictment is framed, nor is its validity open to question since the decision in Hawkins' case. The only question here is, whether the particular trading stamp scheme disclosed by the evidence in this case, is a violation of the statute or not. In other words, as I construe the law, does this scheme involve any element of chance?

I have read carefully the opinion in Hawkins' case, and I think it is clear that the Court of Appeals had in view a case, not only where the article to be obtained by the holder of the stamps was "uncertain, undetermined and unknown" when he purchased his goods, *but also where its certainty was to be determined by some lot or chance.* That the court was dealing with such a case, that is, a case where the uncertainty was to be made certain by some lot or chance, is clear, I think, not only from

its consideration of the first and third counts of the indictment, but also from its ruling on the second count which was framed on Section 253B.

The second count was held to be bad, not because it failed to set out the offence described in that section, that is, the redemption of the stamps at a place other than that where the sale of the goods was made, but because the thing prohibited did not involve any element of chance.

If, therefore, under any trading stamp scheme the article which the purchaser is to get when he redeems his stamps, is to be determined by some lot or chance, the case would come within the statute and within the opinion in Hawkins' case; but if the determination of the article does not involve any element of chance, then, although the article may be "uncertain, undetermined and unknown" at the time of the purchase of the goods, and the case would thus come within the letter of the statute, it nevertheless would not be within its spirit or true construction, and not within the ruling in Hawkins' case.

Now, then, where is the element of chance in this case? One feature of this scheme is, that any one who proposes to collect these stamps may, beforehand, go to the Company's store and select the article which he wants, and the same will be set aside and held for him until he has filled his stamp book. Of course, if that is done, the article is then made certain and the case is not within the statute. I do not attach much importance, however, to this feature of the scheme, because I am satisfied that the result of its practical operation would be, that in ninety-nine cases out of a hundred the purchaser never would in the first instance select his article.

Let us take, therefore, the case where the purchaser of goods has not made any previous selection of the article that he wants, and does not make any until after he has filled his book. What element of chance is there in the exercise *then* by the purchaser of his choice of the article with which he wishes his stamps to be redeemed? The article he is to get is not determined by what may happen to be named on the inside of a slip, placed by the merchant on the goods sold, as in Long's case (first appeal, 73 Md. 527); it is not determined by lot, or chance, or any formula.

What was uncertain and undetermined while the purchaser was buying his goods and collecting his stamps, is made certain and definite, not by any method or device which involves some element of chance, but simply by the purchaser's selection of what he wants. What he is to get is not in any manner determined for him; he determines it himself just by taking what he wants within the range of articles from which the number of his stamps entitles him to select.

While the purchaser may not know what he will select until he goes to the store of the company to redeem his stamps, or may be undecided for awhile after he gets there, his selection of the article he chooses cannot be said to involve any "element of chance," in the sense in which the term is used when speaking of gaming or lottery devices.

I find the defendant not guilty.